# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### MAY SESSION, 1997

FILED

August 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 01C01-9512-CC-00401 |
| Appellant | ) | |
| | ) | MONTGOMERY COUNTY |
| vs. | ) | |
| | ) | Hon. Robert W. Wedemeyer, Judge |
| CALVIN EUGENE HEAD, | ) | |
| | ) | (Especially aggravated robbery; |
| Appellee | ) | Conspiracy to commit especially aggravated robbery) |
| | | |
| | | State Appeal |

For the Appellee:

**MICHAEL R. JONES**
District Public Defender
110 Sixth Avenue, West
Springfield, TN 37172

For the Appellant:

**CHARLES W. BURSON**
Attorney General and Reporter

**LISA A. NAYLOR**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**JOHN WESLEY CARNEY, JR.**
District Attorney General

**ARTHUR BIEBER**
Asst. District Attorney General
204 Franklin Street
Suite 200
Clarksville, TN 37040

OPINION FILED: _____

REMANDED

David G. Hayes
Judge

The State of Tennessee appeals, pursuant to Tenn. R. App. P. 10,[1] from the order entered by the Montgomery County Circuit Court requiring that the State provide the defendant, Calvin Eugene Head, the same plea agreement offered to Head's co-defendants. The State contends that the trial court wrongfully usurped the plea bargaining power expressly granted to the district attorney general's office. We agree with the State and vacate the order of the trial court.

In March, 1994, the Montgomery County Grand Jury indicted Calvin Head and three co-defendants, all juveniles, on one count of especially aggravated robbery and one count of conspiracy to commit especially aggravated robbery. The indictments stem from the January 25, 1994, robbery of a sporting goods store in Clarksville, during which an employee of the store was beaten with a crow bar. The employee suffered a fractured skull and shattered cheekbone from the assault. Head's three co-defendants, pursuant to plea offers recommended by the State, entered guilty pleas to the reduced charge of robbery, a class C felony and were placed on judicial diversion. Tenn. Code Ann. § 40-35-313(a)(1). The district attorney refused, however, to recommend reduction of the defendant Head's charge to robbery, a class C felony which would have permitted consideration for judicial diversion. The State argues their position is based upon the undisputed fact that it was the defendant Head who struck the blow with the crow bar. Subsequently, Head requested that he be provided the same plea arrangement received by his co-defendants. At the hearing on the defendant's motion, the trial court found that Head was not the leader in the commission of the offense , that he was "learning disabled," and that he "should

---

[1]The State submits that, although this appeal was filed, by the district attorney general's office, as an appeal as of right under Tenn. R. App. P. 3, it is more properly treated as an interlocutory appeal under Tenn. R. App. P. 10(a)(1).

be treated by the State in a consistent and fair manner." The trial court then ordered that the defendant Head be "provided the same settlement opportunity as the other three defendants." After entry of the order but prior to the defendant's guilty plea hearing, the State appealed, challenging the trial court's authority to intervene in plea negotiations. It is this appeal that is currently before this court.

Although Rule 11(e) of the Tennessee Rules of Criminal Procedure permits guilty plea discussions between the district attorney general and the accused, the district attorney general is not required to engage in plea bargaining, see Weatherford v. Bursey, 429 U.S. 545, 561, 97 S.Ct. 837, 846 (1977); State v. Hodges, 815 S.W.2d 151, 155 (Tenn. 1991); Parham v. State, 885 S.W.2d 375, 382 (Tenn. Crim. App), perm. to appeal denied, (Tenn. 1994); nor does the accused have a constitutional right to plea negotiations. See Mabry v. Johnson, 467 U.S. 504, 507, 104 S.Ct. 2543, 2545-47 (1984); Weatherford, 429 U.S. at 561, 97 S.Ct. at 846; State v. Washington, 661 S.W.2d 900, 904 (Tenn. Crim. App. 1983), cert. denied, 467 U.S. 1208, 104 S.Ct. 2394 (1984). Moreover, even though plea negotiations are permitted, "the court shall not participate in any. . .[plea] discussions." Tenn. R. Crim. P. 11(e) (emphasis added). Thus, Rule 11 expressly prohibits the trial court from ordering the State to enter into a specific plea agreement with a defendant. See State v. Turner, 713 S.W.2d 327, 330 (Tenn. Crim. App.), perm. to appeal denied, (Tenn.), cert. denied, 479 U.S. 933, 107 S.Ct. 407 (1986).

Notwithstanding the plain language of Rule 11(e), Tenn. R. Crim. P., the doctrine of separation of powers further bars the court from participating in plea negotiations. The doctrine of separation of powers, as set forth in Article II of the Tennessee Constitution, is a fundamental principal of American constitutional government. Town of South Carthage v. Barrett, 840 S.W.2d 895, 897 (Tenn.

1992) (citation omitted).  Our constitution divides the powers of government into three distinct, independent, and coordinate departments, namely, legislative, executive, and judicial, with express prohibition against any encroachment by one department upon the powers, functions, and prerogatives of the others, except as directed or permitted by some other provision of the constitution. Richardson v. Young, 122 Tenn. 471, 491, 125 S.W. 664, 668 (1910) (emphasis added).

District attorneys general are officers of the executive branch, who are entrusted by the citizens of this state with the duty to seek justice.  See  State v. Gilliam, 901 S.W.2d 385, 389 (Tenn. Crim. App. 1995); State v. Pendergrass, No. 01C01-9504-CR-00121 (Tenn. Crim. App. at Nashville, Feb. 28, 1997). Accord  Dearborn v. State, 575 S.W.2d 259, 262 (Tenn. 1978); Foute v. State, 4 Tenn. (3 Hayw.) 98 (1816).  It is well established law that it is within the district attorney general's discretion, and not the trial court's, to decide if and when a prosecution is to be instituted, the precise character of the offense to be charged, and, once instituted, whether the prosecution should go forward, enter into a plea bargain agreement, or dismiss the prosecution.  State v. Williams, No. 03C01-9311-CR-00372 (Tenn. Crim. App. at Knoxville, Mar. 24, 1995), perm. to appeal denied, (Tenn. July, 10, 1995) (citing Turner, 713 S.W.2d at 330); Gilliam, 901 S.W.2d at 389.  Because plea bargaining is a matter entirely within the district attorney general's discretion, the trial court may not require the State to make a particular plea bargain offer.  Turner, 713 S.W.2d at 330.

The trial court's order directing the State to extend to the defendant, Calvin Head, the same plea arrangement provided to the three co-defendants was a total departure from "the accepted and usual course of judicial proceedings." Turner, 713 S.W.2d at 330 (citing Tenn. R. App. P. 10(a)). Accordingly, we find that the trial court erred in so ordering.

4

For the reasons stated above, the order of the trial court is vacated, and the case is remanded to the trial court for trial or other appropriate proceedings.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
JERRY L. SMITH, Judge

5