IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 7, 2001

## STATE OF TENNESSEE v. TIMOTHY TEREZE DEWALT

**Appeal from the Circuit Court for Henry County**
**No. 13032    Julian P. Guinn, Judge**

―――――――――

**No. W2001-00168-CCA-R3-CD  - Filed February 4, 2002**

―――――――――

The defendant, Timothy Tereze Dewalt, was indicted for selling a controlled substance, a Class C felony.  After his plea of guilty, the trial court imposed a standard Range I sentence of four years. In this appeal of right, the defendant contends (1) that he was denied the right to counsel and (2) that his sentence is excessive.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

James S. Haywood, Jr., Brownsville, Tennessee, for the appellant, Timothy Tereze Dewalt.

Paul G. Summers, Attorney General and Reporter; T.E. Williams, III, Assistant Attorney General; and Steven L. Garrett and Beth Boswell, Assistant District Attorneys General, for the appellee, the State of Tennessee.

**OPINION**

On September 13, 1999, Karl Jackson, an undercover officer with the 27th Judicial District Drug Task Force, participated in an investigation with the Paris Police Department of illegal drug trafficking.  During the course of the investigation, Jackson purchased 0.2 grams of a rock-like substance from the defendant.  Laboratory testing identified the substance as crack cocaine.

Five days after his indictment, the defendant appeared at his arraignment without counsel. The trial court ordered the defendant to obtain counsel within ten days, provided a scheduling order, and set a court appearance for one month later.  The scheduling order set July 20, 2000, as the deadline for filing applications for pre-trial diversion and pre-trial motions.  The order also directed that plea negotiations should be concluded by September 18 of that year.  When the defendant next appeared, he had failed to secure counsel.  The trial court then directed him to obtain counsel within ten days and return for a court appearance on September 25.  On that date, the defendant appeared

with counsel. Three weeks later, the defendant pled guilty as a standard Range I offender to one count of selling a controlled substance, a Class C felony with a sentencing range of between three and six years. <u>See</u> Tenn. Code Ann. § 40-35-112(a)(3).

At the sentencing hearing, the defendant expressed remorse and asked the trial court to "just give [him] some kind of break." Before imposing a four-year sentence, the trial court applied the following enhancement factors:

> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
> (8) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;
> (10) the defendant had no hesitation about committing a crime when the risk to human life was high; and
> (13) the felony was committed while [the defendant was released on bail] if such release is from a prior felony conviction.

<u>See</u> Tenn. Code Ann. § 40-35-114. The trial court did not apply any mitigating factors and concluded that four years, one year in excess of the minimum, was appropriate. It denied alternative sentencing, ruling that the presumption in favor of alternative sentencing had been overcome by the nature of the circumstances surrounding the offense, the defendant's lengthy criminal record, and the need for deterrence. Because the defendant had committed as many as twenty offenses while serving alternative sentences before this arrest, the trial court found that prior sentences less restrictive than incarceration had been unsuccessful. The trial court determined that a sentence of incarceration was necessary to avoid depreciating the seriousness of the offense.

# I

Initially, the defendant argues that he was denied his Sixth Amendment right to counsel. The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend VI. A defendant has the right to counsel at all "'critical' stages in the criminal justice process 'where the results might well settle the accused's fate and reduce the trial itself to a mere formality.'" <u>Maine v. Moulton</u>, 474 U.S. 159, 170 (1985) (quoting <u>United States v. Wade</u>, 388 U.S. 218, 224 (1967)).

The United States Supreme Court has long held that "the [Sixth Amendment] right to counsel attaches only at or after the initiation of adversary proceedings against the defendant . . . 'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" <u>United States v. Gouveia</u>, 467 U.S. 180, 187-88 (1984). This interpretation comports with the underlying purposes of the Sixth Amendment:

> That interpretation of the Sixth Amendment right to counsel is consistent not only with the literal language of the Amendment, which requires the existence of

both a "criminal prosecutio[n]" and an "accused," but also with the purposes which we have recognized that the right to counsel serves. We have recognized that the "core purpose" of the counsel guarantee is to assure aid at trial, "when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor.". . . Although we have extended an accused's right to counsel to certain "critical" pretrial proceedings, . . . we have done so recognizing that at those proceedings, "the accused [is] confronted, just as at trial, by the procedural system, or by his expert adversary, or by both," . . . in a situation where the results of the confrontation "might well settle the accused's fate and reduce the trial itself to a mere formality." . . .

Id. at 188-89. In Tennessee, an arrest warrant, or a preliminary hearing if no arrest warrant is issued, or an indictment or presentment, when the charge is initiated by the grand jury, marks the initiation of criminal charges to which the Sixth Amendment right to counsel attaches. State v. Mitchell, 593 S.W.2d 280, 286 (Tenn. 1980). Because, in this case, the defendant had been indicted, the Sixth Amendment right to counsel had attached.

Once the right to counsel has attached, the "actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." Strickland v. Washington, 466 U.S. 668, 692 (1984). Also, "various kinds of state interference with counsel's assistance" are always deemed prejudicial. Id. When there has been no actual or constructive denial of counsel, however, a complaining defendant must demonstrate prejudice. Id. at 693-96; United States v. Cronic, 466 U.S. 648, 659 nn.25-26 (1984). Defense counsel's actual conflict of interest will result in the constructive denial of counsel and prejudice will be presumed in such cases. State v. Thompson, 768 S.W.2d 239, 243 (Tenn. 1989). In Herring v. New York, the Court held that the defendant was denied the right to counsel when the trial court refused to allow defense counsel to make a closing argument. 422 U.S. 853, 858 (1975). The Court has also held that the right to counsel is violated when defense counsel is denied the opportunity for effective cross-examination. Davis v. Alaska, 415 U.S. 308 (1974). Further, the Court has held that a trial court's order preventing the defendant from conferring with his attorney during an overnight recess resulted in the denial of counsel. United States v. Geders, 425 U.S. 80 (1976).

Here, the record does not demonstrate that the defendant was actually or constructively denied the right to counsel by an action of the trial court or the state. The defendant twice appeared in court without counsel. The trial court took no action, however, other than to order the defendant to obtain counsel and return at a later date.

The defendant was not represented by counsel at his arraignment. Our supreme court has held that an arraignment "may or may not be a critical stage" of the criminal proceedings. State v. Sutton, 761 S.W.2d 763, 768 (Tenn. 1988). Rule 10 of the Tennessee Rules of Criminal Procedure provides, in pertinent part, as follows:

The arraignment shall consist of reading the indictment, presentment or information to the defendant or stating to the defendant the substance of the indictment, presentment or information, and calling on him or her to plead thereto. The defendant shall be given a copy of the indictment, presentment or information before called upon to plead. An entry of record shall be made of the arraignment.

Tenn. R. Crim. P. 10(b). When an arraignment is limited to the matters prescribed in the rule, it is not considered a critical stage. Sutton, 761 S.W.2d at 769; see also State v. Street, 768 S.W.2d 703 (Tenn. Crim. App. 1988) (holding that the arraignment stage may be critical when the defendant waives a constitutional right or makes an incriminating statement). While the defendant appeared at his arraignment without counsel, the scope of the hearing was limited. The trial court simply informed the defendant of the charges against him, entered a plea of "not guilty" on his behalf, ordered him to obtain counsel, and provided him with a copy of the indictment. See Tenn. R. Crim. P. 10(b). It is our view that the arraignment, despite the inclusion of a scheduling order for motions or pleas, was not critical in this instance.

The defendant neither asserted that he was indigent nor asked the court for the appointment of counsel. He obtained counsel some seven weeks before the entry of his guilty plea. Because, however, various deadlines had passed before he obtained counsel, the defendant asserts that he was denied the assistance of counsel. He specifically complains that he was unable to apply for pretrial diversion, that he was denied the opportunity to negotiate a plea bargain, and that he was prevented from filing pre-trial motions.

First, the defendant argues that the deadline for applying for pretrial diversion had passed before he employed counsel. Pretrial diversion is governed by Tennessee Code Annotated § 40-15-105, which provides in pertinent part as follows:

> (a) Memorandum of Understanding Permitted. (1)(A) A qualified defendant may, by a memorandum of understanding with the prosecution, agree that the prosecution will be suspended for a specified period, not to exceed two (2) years from the filing of the memorandum of understanding.
> (1)(B)(i) For purposes of this section, "qualified defendant" means a defendant who meets each of the following requirements:
> (a) The defendant has not previously been granted pretrial diversion under the provisions of this chapter or judicial diversion under the provisions of § 40-35-313;
> (b) The defendant does not have a prior misdemeanor conviction for which a sentence of confinement is served or a prior felony conviction within a five-year period after completing the sentence or probationary program for such prior conviction; and
> (c) The offense for which the prosecution is being suspended is not a Class A or Class B felony or a Class C felony as defined in this subsection, a sexual offense, driving under the influence of an intoxicant as prohibited by § 55-10-401, or vehicular assault as prohibited by § 39-13-106.

Tenn. Code Ann. § 40-15-105 (a)(1)(A), (a)(1)(B)(i)(a)-(c).

That the defendant does not assert that an application for pretrial diversion would have been successful is significant. The record demonstrates that the defendant would not have met the minimum standards which would qualify him for pretrial diversion consideration. His lengthy criminal record would have served to disqualify him.

Second, the defendant contends that, because the deadline to negotiate a plea agreement passed prior to his retaining an attorney, he was effectively denied his right to counsel. While Rule 11 of the Tennessee Rules of Criminal Procedure expressly permits plea negotiations,[1] the state is not required to participate in plea bargaining. Weatherford v. Bursey, 429 U.S. 545, 561 (1977); State v. Hodges, 815 S.W.2d 151, 155 (Tenn. 1991); State v. Head, 971 S.W.2d 49, 50 (Tenn. Crim. App. 1997). Certainly, the defendant does not have a constitutional right to plea negotiations. See Weatherford, 429 U.S. at 561; Head, 971 S.W.2d at 50. Further, the record demonstrates that the defendant, despite any scheduling order provisions to the contrary, entered into an agreement with the state, whereby the state agreed to recommend a sentence of split confinement. While the trial court rejected the recommendation and sentenced the defendant to four years incarceration, as was its prerogative, both parties agreed that the recommendation would not be binding on the court and the trial court informed the defendant on the record that it was not bound by the agreement.

Finally, the defendant asserts that the deadline for filing pretrial motions passed before he was able to hire a lawyer, thereby depriving him of an important opportunity. The defendant, however, does not identify what pretrial motions he would have filed. The record does not suggest that his retained counsel filed motions that were denied as untimely or that his counsel asked for permission to late file any motions. This court has specifically upheld provisions which require the filing of pretrial motions within reasonable time frames. See State v. Foote, 631 S.W.2d 470 (Tenn. Crim. App. 1982); see also Tenn. R. Crim. P. 12. Further, this court has recognized that provisions exist for the filing of motions outside those time limits. See Foote, 631 S.W.2d at 473; Tenn. R. Crim. P. 12(f); see also State v. James Wesly Starnes, No. 02C01-9580-CC-00231 (Tenn. Crim. App., at Jackson, Mar. 2, 1998). Because the defendant did not avail himself of these provisions even after he employed counsel, he has failed to show that he was either denied counsel at a critical stage or that he was prejudiced by any delay in obtaining counsel. See Hill v. Lockhart, 474 U.S. at 59; Strickland, 466 U.S. at 687-88, 692. In our view, he was not denied the right to counsel under

---

[1]      (e)  Plea Agreement Procedure.
        (1) *In General.*  The district attorney general and the attorney for the defendant or the defendant when acting pro se many engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the district attorney general will do any of the following:
        (A)  move for dismissal of other charges; or
        (B)  make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request is not binding upon the court; or
        (C)  agree that a specific sentence is the appropriate disposition of the case.
Tenn. R. Crim. P. 11(e)(1).

the Sixth Amendment to the United States Constitution or Article I, § 9 of the Tennessee Constitution.

## II

The defendant next asserts that his sentence was excessive. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class B, C, D, or E felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

The trial court must place on the record the reasons for the sentence. State v. Jones, 883 S.W.2d 597 (Tenn. 1994). If the trial court's findings of fact are adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).

Here, the trial court applied enhancement factor (10) to the defendant's conviction, commenting that "[y]ou put cocaine on the streets, you've got problems." See Tenn. Code Ann. § 40-35-114(10). This court ruled in State v. Marshall that a trial court is not permitted to use the inherent nature of cocaine to enhance a sentence under factor (10). 870 S.W.2d 532 (Tenn. Crim. App. 1993). Because the trial court improperly applied this factor and because the trial court failed to state the

absence of mitigating factors on the record, our review is *de novo* without a presumption of correctness.

In our view, enhancement factor (1), that "the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range," was properly applied. See Tenn. Code Ann. § 40-35-114(1). His prior convictions include assault, disorderly conduct, a variety of traffic offenses, reckless endangerment, bail jumping, passing worthless checks, possession of schedule VI drugs, and possession of schedule II drugs. Enhancement factor (8), "the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community," is also applicable. See Tenn. Code Ann. § 40-35-114(8). Of the numerous offenses for which the defendant was convicted, twenty, by our count, were committed while he was on probation or bail. Finally, enhancement factor (13), that the defendant committed the instant felony while on bail, is applicable. See Tenn. Code Ann. § 40-35-114(13)(A). The presentence report establishes that the defendant was arrested for a felony drug offense in October of 1998 and convicted of that offense in October of 1999. The offense in this case occurred in September of 1999. Under these circumstances, a four-year sentence is appropriate.

The defendant also contends that the trial court erred by denying an alternative sentence. Specifically, he claims that the trial court did not presume him to be a favorable candidate for alternative sentencing. Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b) (Supp. 2000).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). The nature and circumstances of the offenses may often be so egregious as to preclude the grant of probation. See State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981). A lack of candor may also militate against a grant of probation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983).

Here, the trial court specifically considered each of the appropriate factors. Additionally, the trial court presumed the defendant was a favorable candidate for alternative sentencing, explaining, "[b]y law, I must consider alternative means of service. I have, and I find it to be particularly inappropriate in [the defendant's] case . . . ." The trial court ultimately determined that the presumption was overcome by the nature of the offense, the defendant's criminal record, the need for deterrence, and the best interests of the defendant and the public. Moreover, the trial court found that less restrictive measures than incarceration had "frequently and recently been applied . . . unsuccessfully." It is our view that the trial court properly concluded that the presumption in favor of alternative sentencing had been overcome. The evidence in the record does not preponderate against the determinations of the trial court.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE