IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2002

## CONNIE PARSONS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Davidson County**
**No. 01C-2829      Hamilton V. Gayden, Judge**

_____

### No. M2002-00807-CCA-R3-CO - Filed March 27, 2003

The petitioner, Connie Parsons, pled guilty to two counts of criminal responsibility for facilitation of rape of a child and was sentenced to an effective sentence of twenty years in the Tennessee Department of Correction.  On September 17, 2001, the petitioner filed pro se in the Davidson County Circuit Court a petition for habeas corpus relief, alleging that the trial court impermissibly interfered in the plea negotiations and, thus, her convictions were void.   The habeas corpus court dismissed the petition and the petitioner timely appealed.  Upon review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Connie Parsons, Nashville, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION
### I.  Factual Background

In her pro se petition, the petitioner alleged that in 1995 she pled guilty in the Rutherford County Circuit Court to two counts of criminal responsibility for facilitation of rape of a child.  In a letter to the petitioner's trial counsel dated July 20, 1995, the State summarized the following plea agreement:

[The State] will:
1.  Allow a plea in two count[s] to the lesser included offense of Facilitation of a Felony: to-wit: Rape of a Child.
2.  The Court will sentence after preparation of a pre-sentence report.
Each count will run concurrent with the other.   The range of punishment will be 8 to 12 years as a Range I 30% standard offender.

3. We will further stipulate as to the mitigating factors set forth in [Tennessee Code Annotated section] 40-35-113 to include, (a) this defendant was not the leader in the commission of relevant acts, (b) the defendant acted under duress or domination of another, (c) the defendant aided authorities in the conviction of another, (d) such other factors as may be determined to apply.

The defendant shall:
1. Plea[d] guilty as outlined above.
2. Give truthful statement to authorities as to the events outlined in State's Bill of Particulars.
3. Testify, if called, at the trial of her co-defendant.

In her habeas corpus petition, the petitioner claimed that, pursuant to the plea agreement, she provided the State with a truthful statement, thereby incriminating both herself and her co-defendant. However, the petitioner argued that when the State recommended at the guilty plea hearing that the sentences run concurrently, the trial court responded, "[Y]ou can't do that. You absolutely can't do that. . . . I won't accept any obligations in felony cases of concurrent or consecutive sentencing."[1] According to the petitioner, the State "then reneged on its promise that the sentences [would] run concurrent, stating, 'We will take no position with regard to consecutive or concurrent [sentencing].'" Subsequently, the trial court sentenced the petitioner on each count to ten years incarceration to be served consecutively, for an effective twenty year sentence.

On September 17, 2001, the petitioner filed pro se in the Davidson County Circuit Court a petition for habeas corpus relief, alleging that her convictions were void "as a result of the trial [court] wrongfully usurping the plea bargaining power expressly granted to the [State]." The State filed a motion to dismiss, asserting that the petitioner's claim was not cognizable in a state habeas corpus action. The habeas corpus court granted the State's motion and dismissed the petition.[2] The petitioner timely appealed.

## II. Analysis

When reviewing a petition for habeas corpus relief, the determination of whether relief should be granted is a question of law subject to de novo review with no presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001) (citing Hart v. State, 21 S.W.3d 901,

---

[1] The petitioner appears to quote this language from the transcript of the guilty plea hearing. However, that transcript has not been made a part of the record before this court.

[2] In its brief, the State acknowledges that, without the petitioner being present, the habeas corpus court conducted a hearing to show cause why a writ for habeas corpus should not be granted. However, we note that a habeas corpus court may summarily dismiss a petition for writ of habeas corpus where the allegations in the petition would not entitle the petitioner to relief. Tenn. Code Ann. § 29-21-109 (2000); see also McLaney v. Bell, 59 S.W.3d 90, 93 (Tenn. 2001).

903) (Tenn. 2000)). The burden is on the petitioner to demonstrate by a preponderance of the evidence that she is entitled to relief. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Tennessee law provides narrow grounds upon which habeas corpus relief will be granted. McLaney, 59 S.W.3d at 92. In Tennessee, habeas corpus relief will be granted

> only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. A habeas corpus petition may be used to challenge judgments that are void and not merely voidable.

Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted). A void judgment is one that is "facially invalid because the court lacked jurisdiction or authority to render the judgment or because the [petitioner's] sentence has expired." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). In contrast, a voidable conviction "is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Id.

On appeal, the petitioner insists that she stated a cognizable claim for habeas corpus relief. Specifically, the petitioner asserts that, "as a result of non-compliance with Rule 11 of the Tennessee Rules of Criminal Procedure[,]" the trial court lacked jurisdiction to impose consecutive sentences, rendering her convictions void. However, after carefully considering the arguments of the petitioner, we have concluded that the petitioner is essentially challenging the voluntary and knowing nature of her guilty pleas.

First, the petitioner contends that, pursuant to Rule 11(e)(4) of the Tennessee Rules of Criminal Procedure, before rejecting the plea agreement, the trial court was required to "advise the [petitioner] personally in open court . . . that the court [was] not bound by the plea agreement, afford the [petitioner] the opportunity to then withdraw the plea, and advise the [petitioner] that if . . . she persist[ed] in the guilty plea . . . the disposition of the case may be less favorable to the [petitioner] than that contemplated by the plea agreement." According to the petitioner, "[i]n this case, the face of the record of the guilty plea proceeding reveals that the trial court failed to comply with this essential of due process of law." However, the transcript of the guilty plea hearing was not made a part of the record before this court. On appeal, it is the duty of the petitioner to provide an adequate record for review. Tenn. R. App. P. 24; see also State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, . . . an appellate court is precluded from considering the issue." Ballard, 855 S.W.2d at 560-61.

The petitioner also contends that by imposing consecutive sentences, the trial court "violat[ed] the separation of powers by encroaching upon powers expressly vested in the office of the district attorney to make and honor plea agreements." The petitioner relies upon State v. Head, 971 S.W.2d 49, 50 (Tenn. Crim. App. 1997), in which this court held that "the doctrine of separation of powers . . . bars the [trial] court from participating in plea negotiations." We find the facts in

Head to be readily distinguishable from those in the instant case. In Head, the trial court ordered the State to extend to Head the same plea agreement offered to his three co-defendants. Id. This court vacated the order of the trial court, noting that "[b]ecause plea bargaining is a matter entirely within the district attorney general's discretion, the trial court may not require the State to make a particular plea bargain offer." Id. at 51.

The petitioner argues that, by refusing to accept the State's recommendation regarding concurrent sentences, the trial court ordered the State to make a "specific agreement" with the petitioner. The States asserts that "the trial court *did not order* the State to extend a particular offer to the petitioner. The trial court [simply] informed the petitioner, prior to sentencing, that it was not bound by the State's offer." Although we are without the benefit of the transcript of the guilty plea hearing, we note that the plea agreement, signed by the petitioner, states, "the [trial] court is not bound to accept the recommendation of the District Attorney General."

Regardless, challenges to the voluntary and knowing nature of guilty pleas are not cognizable claims for habeas corpus relief. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). An involuntary guilty plea renders a judgment voidable rather than void. Id. at 163. Consequently, the petitioner should have challenged the pleas in a post-conviction proceeding. Id. at 164. However, we note that the one year statute of limitations for filing a petition for post-conviction relief has expired. See Tenn. Code Ann. § 40-30-202(a) (1997).

### III. Conclusion
Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE

-4-