IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 22, 2003

**STATE OF TENNESSEE v. ERNESTO GONSALES**

**Appeal from the Criminal Court for Washington County**
**No. 27388     Lynn W. Brown, Judge**

**No. E2002-02687-CCA-R3-CD**
**November 14, 2003**

The defendant, Ernesto Gonsales, pled guilty to one count of aggravated assault. After determining that the Immigration and Naturalization Service (INS) had a detainer out for the defendant, the trial court modified the defendant's sentence to six years' unsupervised probation and release to the INS, noting that the defendant would immediately be deported to Mexico. In this appeal, the state[1] contends that the trial court exceeded its authority by modifying the terms of the plea bargain agreement. Because the initial judgment should not have been altered, the order of modification is reversed and the cause is remanded to the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; and Joe Crumley, District Attorney General, for the appellant, State of Tennessee.

Melinda Meador, Knoxville, Tennessee (on appeal); and Venus Niner, Johnson City, Tennessee (at trial), for the appellee, Ernesto Gonsales.

**OPINION**

On January 18, 2002, the victim, Eddie Holmes, was working as a security guard at Nashville Sound, a Johnson City nightclub. Because the defendant had previously been barred from the club, the victim denied the defendant admission. At that point, the defendant warned that he "was going to his car to get a gun." He then turned around, drew a knife from his pocket and slashed at the victim's mid-section, damaging his leather jacket and cutting a finger. At the time of the knife attack,

[1]The state may appeal a Tennessee Rule of Criminal Procedure 35 sentence modification. Tenn. R. Crim. P. 35, Committee Comment.

the defendant was on probation for a prior assault involving the use of a knife. He had nineteen prior public intoxication offenses and two previous probation violations.

On October 15, 2002, the defendant entered into a best interest plea agreement to aggravated assault. The state agreed not to pursue the probation violation and the defendant consented to a six-year sentence. While noting that there existed an INS hold on the defendant, the trial court accepted the plea and sentenced the defendant as follows:

> [O]n your plea the court finds you guilty of an aggravated assault. As agreed the sentence imposed is six (6) years, standard offender, range one. You're rendered infamous[,] which means you cannot vote in this country, and ordered to provide a sample of blood for DNA analysis.
>
> *     *     *
>
> [U]nless the District Attorney changes his mind and allows you to be released to the immigration authorities, you will stay in the Washington County [J]ail until granted parole by the parole board, which may be several years from now.

Later, at a hearing to determine the defendant's eligibility for release, the trial court modified the defendant's sentence from six years' incarceration in the Washington County Jail to six years of unsupervised probation with immediate release to the INS:

> In the court's opinion [the defendant] has been treated far more harshly than anyone the court can ever remember seeing for the extent of the injury that was imposed. This court has the authority pursuant to Rule 35, Rules of Criminal Procedure, to reduce sentence, and the court acts accordingly. He has served almost eleven (11) months in jail for causing a minor injury, and a minute entry will be entered that [the defendant] shall be released from jail into the custody of Immigration and Naturaliztion as soon as they're here to pick him up.
>
> *     *     *
>
> Upon release he is placed on six (6) years of unsupervised probation as announced to the court at his guilty plea. With this conviction it is illegal for him to return to the United States forever. The court's primary consideration in the sentence reduction is the purpose as stated under the law that fair and consistent disparity in sentencing . . . and providing a fair sense of predictability of the criminal law and its sanctions, that being deported from a country where he's lived for the last fourteen (14) years as well as the almost eleven (11) months that he's spent in custody is severe punishment for causing a minor cut on the victim's finger, and that the court is required to treat people consistently pursuant to the Criminal Sentencing Reform Act. . . .

Initially, the state argues that the trial court erred by interfering with the plea bargain process. It contends that by immediately releasing the defendant to INS, the trial court violated Tennessee Rule of Criminal Procedure 11 by mandating the terms of the plea agreement. See Tenn. R. Crim.

P. 11(e)(1) ("The court shall not participate in any [plea agreement] discussions."); <u>State v. Head</u>, 971 S.W.2d 49 (Tenn. Crim. App. 1997); <u>State v. Turner</u>, 713 S.W.2d 327 (Tenn. Crim. App. 1986). Further, the state asserts that the trial court did not have authority under Rule 35 to sua sponte reduce the defendant's plea bargained sentence.

Rule 11(e) provides in pertinent part as follows:

(1) In General. The district attorney general and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the district attorney general will do any of the following:
(A) move for dismissal of other charges; or
(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
(C) agree that a specific sentence is the appropriate disposition of the case.
\* \* \*
(3) Acceptance of a Plea Agreement. If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.
(4) Rejection of a Plea Agreement. If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if he or she persists in the guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Tenn. R. Crim. P. 11(e)(1), (3) – (4).

Rule 35 provides in pertinent part as follows:

(b) Reduction of Sentence. -- The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. <u>A modification can only be as to any sentence the court could have originally imposed.</u>

Tenn. R. Crim. P. 35(b) (emphasis added).

As stated in the Advisory Commission Comments:

The modification permitted by Rule 35 is any modification otherwise permitted by the law when the judge originally imposed sentence including but not limited to a transfer to the workhouse or probation to otherwise eligible defendants. If there is a modification, the state may appeal.

Tenn. R. Crim. P. 35, Advisory Commission Comments. A trial court's modification of a sentence pursuant to a Rule 35(b) motion will not be reversed absent an abuse of discretion. See State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993); State v. Pam Costa, No. 01C01-9511-CR-00376 (Tenn. Crim. App., at Nashville, Dec. 4, 1997).

Here, the state asserts that because the plea agreement was entered into under Rule 11(e)(1)(C) the trial court had the power to accept or reject its terms, but had no authority to modify the agreement. See Goosby v. State, 917 S.W.2d 700, 706 (Tenn. Crim. App. 1995). It points out that "a modification can only be as to any sentence the court could have originally imposed." Tenn. R. Crim. P. 35(b).

While the technical record does not contain a written plea agreement, the transcript of the submission hearing demonstrates that the defendant pled guilty to aggravated assault in exchange for a six-year sentence. The transcript also reflects that, as part of the agreement, the defendant specifically promised not to seek probation. The state consented to the dismissal of the outstanding probation violation warrant as a part of the bargain. From this, it is our view that the plea agreement did, in fact, qualify as an 11(e)(1)(C) agreement, i.e., one providing for a specific sentence.

In State v. Hodges, 815 S.W.2d 151, 154 (Tenn. 1991), each of two defendants entered into plea agreements. At their individual sentencing hearings, however, the trial court reduced the terms of both sentences. The state appealed, arguing that the reductions were erroneous because the plea agreements were entered into pursuant to Rule 11(e)(1)(C) and, in consequence, the extent of the trial court's authority was limited to acceptance or rejection, not modification. Our supreme court ruled that Rule 35 allows for judicial modification of agreed sentences, stating that there was "no connection between the plea bargaining procedures prescribed in Tenn. R. Crim. P. 11 and the correction or reduction of sentences provisions of Tenn. R. Crim. P. 35." Id. It did note, however, that [i]t does appear . . . from the language of the plea agreement that the parties were proceeding under the auspices of [s]ubsection (B) since the attorney general made a recommendation to the court in each case, which is a far cry from agreeing that a specific sentence is the 'appropriate disposition' of the case in a type (C) agreement." Id. at 155 (emphasis added).

Two years later, in State v. Grady Hargrove, et al., Nos. 01S01-9203-CC-00035, 01S01-

9203-CC-00036, 03S01-9203-CC-00026 (Tenn. Aug. 9, 1993),[2] which involved three cases consolidated for appeal, our high court indicated a departure from the rule in Hodges, stating that both Rule 35 and Rule 11(e) place limitations on a trial court's authority to modify an agreed sentence. See State v. McDonald, 893 S.W.2d 945 (Tenn. Crim. App. 1994) (observing that in Hargrove, our [s]upreme [c]ourt retreated from its language in Hodges"). In Hargrove, this court ordered a reduction or suspension of the sentences that the trial court had set pursuant to the parties' plea agreement. On appeal by the state, our supreme court held that this court had exceeded its authority in each case, finding the "dispositive fact" to be "that the sentences imposed in the trial court were the result of negotiations by the state and the defendant" pursuant to Rule 11(e)(1)(C). Hargrove, slip op. at 5. In analyzing whether reduction of the sentences by this court may have been permissible under Tennessee Rule of Criminal Procedure 35, our supreme court observed as follows:

> Reduction under Rule 35(b) must be sought "by application" – the rule does not contemplate spontaneous reduction by the trial court of the defendant's sentence. Finally, as the opinion in Hodges suggests, the scope of [the trial court's authority under] Rule 35(b) is limited in those cases in which the defendant has pleaded guilty by agreement with the state, in exchange for a specific sentence.
>
> Such plea negotiations are governed by Rule 11(e) of the Rules of Criminal Procedure. Under subsection (1)(C) of Rule 11(e), the state is authorized to reach an agreement "that a specific sentence is the appropriate disposition in exchange for the defendant's agreement to "enter[] a plea of guilty or nolo contendere to a charged offense or to a lesser of related offense." Tennessee Rule of Crim. Pro. 11(e)(1)(C). The trial court may then accept the plea under the terms of the announced agreement, including the agreed sentence, or reject the plea and "afford the defendant the opportunity to then withdraw his plea." Rule 11(e)(3) and (4). There is no provision in Rule 11(e) that permits the trial court to alter the agreement if the plea is being entered into under subsection (1)(C).

Id. at 6-7(emphasis added) (footnote omitted). Thus, our high court determined that modification of the sentences would have been inappropriate under Rule 35, first because there had been no motion by either party and, second, because the sentences had been agreed upon under Rule 11(e)(1)(C).

In State v. McDonald, a panel of this court considered the effect of the Hargrove ruling on the Hodges decision. 893 S.W.2d at 945. McDonald was sentenced by the trial court pursuant to a plea agreement. Later, the defendant filed a Rule 35 motion for reduction of sentence, which the trial court denied based on the existence of the plea agreement. On appeal, the defendant challenged the trial court's "policy" of refusing to consider a Rule 35 motion in any case involving a plea in exchange for a specific sentence. The state contended that when a defendant enters into a plea

---

[2]Although Hargrove was designated for publication upon its initial filing, that designation was later changed.

agreement calling for a specific sentence, he waives his right to file a Rule 35 motion. Our court affirmed the trial court's denial of the motion, holding that although the defendant had not completely waived his Rule 35 rights by entering a plea pursuant to Rule 11(e)(1)(C), the trial court could modify his sentences only if required by the "interest of justice." Id. at 947. Our court stated:

> The [c]ourt in Hargrove drew a distinction between the type of plea agreement entered into and the application of Rule 35(b). Specifically, the Court found that "the scope of Rule 35(b) is limited in those cases in which the defendant has pleaded guilty by agreement with the state, in exchange for a specific sentence." While Hargrove does not expressly provide the limits of Rule 35(b), it strongly suggests that an alteration of a defendant's sentence is generally prohibited if it violates the plea agreement entered into under Rule 11(e)(1)(C). This appears to hold true even if the sentence in question was "erroneous under the code provisions in effect at the time of the offenses."

> Although the Court in Hargrove limited the scope of Rule 35(b), we do not find that this limitation results in the waiver of Rule 35(b) motions in cases where a defendant pleads guilty pursuant to Rule 11(e)(1)(C). For example, a situation may arise where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice.

> We believe that the trial court's dismissal of the appellant's Rule 35(b) motion complies with our [s]upreme [c]ourt's decision in Hargrove. Upon learning that the appellant had received a specific sentence in exchange for pleading guilty, the court asked why it should disturb the plea bargain agreement. Appellant's response failed to show that post-sentencing information or developments had arisen to warrant a reduction of his sentence in the interest of justice. As such, the court was correct in determining that no basis existed for considering the appellant's Rule 35(b) motion.

893 S.W.2d at 947 - 48 (citations and footnote omitted).

In State v. Leath, 977 S.W.2d 132 (Tenn. Crim. App. 1998), the defendant entered into a negotiated plea agreement for an eight-year burglary sentence. Two other charges were dismissed. At the guilty plea hearing, the trial court accepted the defendant's plea but sua sponte reduced the length of the sentence to six years. On appeal by the state, this court, relying on Hargrove, reversed the judgment, holding that "the trial court exceeded its authority by unilaterally reducing the sentence, thus failing to proceed with the essential requirements of the law." 977 S.W.2d at 136.

Based upon the authority cited, it is our view that the trial court exceeded its authority under Rule 35 when it modified the defendant's sentence. First, the trial court acted of its own accord, with neither party having filed a motion seeking modification. In Hargrove, our supreme court was explicit in its statement that "[r]eduction under Rule 35(b) must be sought 'by application' – the rule does not contemplate spontaneous reduction by the trial court of the defendant's sentence." Slip op.

at 6. Here, the defendant had agreed, as part of his plea agreement with the state, not to seek probation. Thus, by acting on its own volition, the trial court reformed the parties' agreement, violating the procedural requirements of Rule 35.

Moreover, based on our supreme court's decision in <u>Hargrove</u> and this court's interpretation thereof in <u>McDonald</u> and <u>Leath</u>, Rule 35 would not have permitted the trial court's modification of the sentence even if a proper motion had been filed. As we previously noted, the agreement, which called for a specific sentence, was entered into pursuant to Rule 11(e)(1)(C). Thus, the trial court had no authority to modify the defendant's sentence unless it was required in the "interest of justice," such as a situation involving "unforseen post-sentencing developments." <u>See</u> <u>McDonald</u>, 893 S.W.2d at 947. Because the trial court was aware of the INS hold prior to accepting the plea and sentencing the defendant to a six-year term, there were no unusual or unforeseen circumstances taken into consideration by the order of modification. Had the trial court found the terms of the agreement unacceptable, it had the authority to reject the proposal. Under these circumstances, however, the original sentence of six years must be reinstated.

Accordingly, the judgment of the trial court is reversed and the sentence is modified to six years as initially ordered.

_____
GARY R. WADE, PRESIDING JUDGE