IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 21, 2002 Session

## ERIC BOYD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 71525    Mary Beth Leibowitz, Judge**

**No. E2001-02069-CCA-R3-PC**
**October 10, 2002**

Appellant, Eric Boyd, appeals the trial court's denial of his petition for post-conviction relief. The issues presented for review are, whether the State's promise not to offer Appellant's co-defendant a lesser sentence than Appellant, was in fact a condition of Appellant's plea agreement, and if so what relief Appellant should receive as a result of the State's breach of that condition. We hold that the State breached the conditions of its plea agreement with Appellant, thereby entitling him to post-conviction relief. We further hold that the appropriate remedy is to set aside Appellant's guilty pleas and for the original charges to be reinstated.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Mark E. Stephens, District Public Defender; and John Halstead, Assistant Public Defender, Knoxville, Tennessee, for the appellant, Eric Boyd.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; Marsha Mitchell, Assistant District Attorney General; and Fred Bright, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Background**

Appellant, Eric Boyd, entered guilty pleas on October 30, 1995, to eleven counts of aggravated robbery, one count of attempted aggravated robbery, and one count of aggravated assault. He received an effective sentence of twenty years. During Appellant's plea submission hearing, counsel for Appellant approached the bench to make as a part of the record the following two additional conditions of the plea agreement as Appellant understood it: 1) that he be transported from the Knox County Jail to the state penitentiary as soon as possible; and 2) that his co-defendant, Collier, not be offered a plea agreement with a sentence less than twenty years.

Proof at the post-conviction hearing showed that the second condition weighed heavily in Appellant's acceptance of the plea agreement. This was because of Appellant's concern that he, an African-American being represented by the public defender's office, would receive harsher treatment than Collier, who is a white male, and whose father had hired a prominent Knoxville attorney to defend him. Before and during plea negotiations between the State and Appellant, a motion to suppress evidence was pending in the State's case against Collier. After long delays and after Appellant had already entered his guilty pleas, the trial court ultimately ruled in favor of Collier, suppressing the evidence. Subsequently, the State offered, and Collier accepted, an eight year fully probated sentence. Collier pled guilty on October 4, 2000.

On October 23, 2000, Appellant filed his petition for post-conviction relief, alleging that the State breached its promise not to offer Collier a lesser sentence than Appellant received. The trial court denied his petition and held the agreement unenforceable, stating that "the state cannot be bound to such a condition precedent when it has no real control over the raised issues in another persons [sic] case..."

## II. Statute of Limitations

As a preliminary matter, the lower court correctly held, and the State concedes in its brief, that the statute of limitations does not bar Appellant's petition for post-conviction relief. The circumstances giving rise to Appellant's claim made it impossible for Appellant to file his petition inside the one year limitations period within which to seek relief. *See* Tenn. Code Ann. § 40-30-202(a) (1997).

The State's breach of a plea agreement is a ground for post-conviction relief. *See Harris v. State*, 875 S.W.2d 662 (Tenn. 1994). Pursuant to statute, a petitioner has one year from the date on which the judgment became final if no appeal is taken, or one year from the action of the highest state appellate court to which an appeal is taken, to file his petition for post-conviction relief. Tenn. Code Ann. § 40-30-202(a) (1997). It is well settled that in some cases, due process considerations prevent strict application of the statute of limitations, therefore, "before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

Applying its analysis in *Burford*, the Tennessee Supreme Court has established a three-part test to determine whether the grounds for relief should survive the expiration of the statute of limitations. *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995). A court must:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

> *Id.* at 301.

Appellant entered his guilty pleas on October 30, 1995, and his one-year period within which to file a claim began to run at that time because he did not appeal. *See* Tenn. Code Ann. § 40-30-202(a). Appellant's claim for relief did not arise until the State breached the plea agreement on October 4, 2000, when it entered into a plea agreement with Appellant's co-defendant. Appellant filed his petition for post-conviction relief nineteen days later, a reasonable time after his claim arose. Due process requires allowing Appellant's claim to be heard.

### III. The Plea Agreement

We conclude that the post-conviction court erroneously held that the State could not be bound to the condition that it not offer Appellant's co-defendant a lesser sentence than Appellant received. The Tennessee Supreme Court recognizes that agreements between prosecutors and defendants are "contractual in nature and [are] enforceable under the law of contracts." *State v. Howington*, 907 S.W.2d 403, 403 (Tenn. 1995). In *Santobello v. New York*, 404 U.S. 257 (1971), the U.S. Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id*. at 262. The record shows without question that Appellant relied on the State's promise. A breach of that agreement, even where due to unforeseen or changed circumstances, does not lessen the impact of the breach, and a guilty plea based on "a false premise...cannot stand." *Id*.; *see also Mabry v. Johnson*, 467 U.S. 504, 509 (1984).

In this appeal, the State now concedes, contrary to the position it took in the trial court, that a promise not to offer a co-defendant a more favorable sentence may become an enforceable condition of the plea agreement. The State asserts, however, that the post-conviction court's Findings of Fact and Conclusions of Law are unclear as to whether the court indeed found the State's promise to be an actual condition of the plea agreement. In its brief, the State asks this Court to remand these proceedings to the post-conviction court for more specific findings. We conclude, however, that remanding for further findings is unnecessary because the lower court found, and the record supports the finding, that the State's agreement with Appellant included the condition that the State not offer Collier a sentence less than twenty years.

In its denial of Appellant's petition for post-conviction relief, the court ruled that "the state cannot be bound to *such a condition precedent* when it has no real control over the raised issues in another persons [sic] case..." (Emphasis added). In its findings of fact, the trial court stated "[t]he state only through silence has acquiesced to the two conditions that Mr. Boyd imposed, *these conditions being* to be removed from the Knox County Jail as soon as possible after plea, and that Mr. Collier be offered no less than the number of years that Mr. Boyd was offered." (Emphasis added). The entire record supports the factual conclusion that Appellant and the State agreed that the two conditions were a part of the agreement. The court's findings clearly regard the State's promise to have been a condition upon which Appellant's assent to the agreement was based. Having determined that a plea agreement may be conditioned on a promise not to offer a lesser sentence to a co-defendant, we hold that the State in fact entered into such an agreement with Appellant and is now in breach of that agreement.

-3-

## IV. Post-Conviction Relief

The State concedes that if its promise not to offer Collier a lesser sentence than Appellant is held to be an actual condition of the plea agreement, the State breached the condition and Appellant is entitled to post-conviction relief. The parties disagree, however, as to the appropriate relief. Once a plea bargain has been accepted by the court and the State later breaches the agreement, "the aggrieved defendant may either seek specific performance of the agreement or ask the court to restore both parties to the status they occupied immediately before the plea was entered." *State v. Turner*, 713 S.W.2d 327, 329 (Tenn. Crim. App. 1986).

Appellant, having already served almost seven years in prison, is seeking specific performance of the plea agreement and requesting that his sentence be vacated and he receive the same sentence the State offered to Collier, thereby "establishing in fact that the co-defendant will receive no less time than [Appellant received]." Appellant argues that the deal between himself and the State contemplated that the two defendants' sentences be equal and asks this Court to enforce the "spirit" of the agreement. We disagree with Appellant's reasoning. The State agreed not to offer Collier a sentence less than twenty years, which is what the State offered Appellant and he accepted. It did not, however, agree to offer Collier the same sentence as Appellant. Neither did the State agree to offer Appellant the same sentence it offered Collier. The distinctions are subtle, but significant. The condition, not less than twenty years, includes a range of possible sentences, whereas the same sentence leaves only one possible alternative, twenty years. The promise to offer the co-defendant not less than twenty years includes an offer of twenty years, twenty and one half years, or thirty years, so long as the offer is not less than twenty years. Had the State offered Collier a lesser sentence and Collier rejected the offer, went to trial and was subsequently acquitted, the State would still be in breach, but Appellant would not thereby be entitled to an acquittal. For the foregoing reasons, we reject Appellant's argument.

We therefore conclude that "specific performance" is not an appropriate remedy in this case and that the only available remedy is to restore Appellant and the State to the positions they occupied before the plea was entered, by setting aside his pleas and reinstating the charges against him. The State cites *State v. Head*, 971 S.W.2d 49 (Tenn. Crim. App. 1986), for the proposition that a court may not require the State to make a particular plea bargain. *Id.* at 51; *see also Turner*, 713 S.W.2d 327 at 329. The State distinguishes several cases in which courts have found it impossible to restore the parties to their former positions. In *State v. Howington*, 907 S.W.2d 403 (Tenn. 1995), the supreme court noted that "[f]undamental principles of justice and fair play would require that the parties to the unconsummated bargain be restored to their former positions." *Id.* at 411. The defendant, however, had incriminated himself by testifying at the preliminary hearing as a condition to his bargain with the State, making the remedy impossible. *Id.* Here, allowing Appellant to withdraw his guilty pleas will successfully restore the parties to their original positions.

In *State v. Turner*, 713 S.W.2d 327 (Tenn. Crim. App. 1986), the defendant rejected the State's offer of a two year sentence in exchange for a guilty plea due to ineffective assistance of counsel. *Id.* at 328. This Court held that the State could not be required to reinstate the plea offer.

-4-

*Id*. However, in a habeas corpus proceeding involving the same parties, the Sixth Circuit Court of Appeals held that a new trial would not permit defendant to consider the original offer with effective counsel, but that requiring the State to make the original two year offer again might infringe upon the interests of the State. *Turner v. State*, 858 F.2d 1201 (6th Cir. 1988). The court determined that the appropriate remedy was to order another plea hearing during which the State would be required to overcome a presumption of prosecutorial vindictiveness if it made a plea offer in excess of two years, effectively granting the defendant the opportunity to accept the original two year offer. *Id*. at 1209.

In *Turner*, the defendant lost the opportunity to meaningfully consider the State's offer because of ineffective assistance of counsel. Had the defendant received effective assistance of counsel in the original proceedings, he likely would have accepted the State's offer. Therefore, the court granted a remedy that would, in effect, allow the defendant the opportunity to consider the original plea offer.

Appellant, in this case, negotiated an agreement with the State whereby he would plead guilty on the condition that his co-defendant not receive an offer less than twenty years. Appellant's argument rests on the assumption that he would have rejected the State's offer had it not agreed to the second condition. Had Appellant rejected the offer, or had the State not agreed to this condition, the case apparently would have proceeded to trial. We cannot see how ordering the State to make an offer of an eight year fully probated sentence now would be the proper remedy for the State's breach. Appellant has requested post-conviction relief based upon the State's breach of its agreement. We agree the State breached its agreement. Appellant is entitled to post-conviction relief, which is setting aside his convictions and permitting the original charges to be reinstated.

Appellant, in his reply brief, raises the issue that the relief hereby granted will deny him his right to a speedy trial as guaranteed by both the federal and state constitutions. U.S. Const. amend VI; Tenn. Const. Art. I, Sec. 9. In *State v. Harris*, 978 S.W.2d 109 (Tenn. Crim. App. 1997), this Court applied the standard set forth by the U.S. Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), to determine whether a new trial following the grant of post-conviction relief violated the defendant's right to a speedy trial. *Id*. at 113. The factors to be considered under *Barker* are as follows: a) the length of the delay; b) the reason for the delay; c) the defendant's assertion of his right to a speedy trial; d) and prejudice to the defendant resulting from the delay. *Barker* at 530. This Court, however, is not the appropriate court for the initial presentation of this issue. Appellant's claim of a denial of his right to a speedy trial has not yet been pursued before the trial court. *See State v. Townes*, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000). We, therefore, decline consideration of such issue until it has properly been heard by the trial court.

## V. Conclusion

We hold that Appellant is entitled to post-conviction relief as a result of the State's breach of its plea agreement with Appellant. The proper remedy is to set aside Appellant's guilty pleas and for the original charges to be reinstated. Accordingly, the judgment of the trial court is reversed. Appellant is granted post-conviction relief. This cause is remanded to the trial court for proceedings consistent with this opinion and with Tennessee Code Annotated § 40-30-219.

_____
THOMAS T. WOODALL, JUDGE