IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 10, 2019 Session

**MATTHEW B. FOLEY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rutherford County**
**No. F-52128   David M. Bragg, Judge**

_____

**No. M2018-01963-CCA-R3-PC**

_____

This is the third occasion Petitioner, Matthew B. Foley, appeals from a denial of his petition for post-conviction relief raising the same primary lament – he does not belong on the Tennessee Sexual Offender Registry. He is seeking relief from his 2002 guilty-pleaded conviction for facilitation of especially aggravated kidnapping, an offense which, at the time of his plea agreement, was not listed as an offense requiring sexual offender registration. Petitioner, who was a sixteen year-old minor at the time of his guilty plea, continues to allege that the statute of limitations for post-conviction relief should be tolled on due process grounds and that the State breached a material element of his plea agreement by requiring him to register as a sex offender. The post-conviction court summarily denied relief based on the expiration of the statute of limitations. In the first appeal, this Court concluded that the statute of limitations should be tolled based on due process grounds, and we remanded the case for an evidentiary hearing. *Matthew B. Foley v. State*, No. M2015-00311-CCA-R3-PC, 2016 WL 245857, at *8 (Tenn. Crim. App. Jan. 20, 2016), *no perm. app. filed* ("*Foley I*"). On remand, the post-conviction court held a hearing and found the statute of limitations should not be tolled. In the second appeal, this Court found that the statute of limitations issue had been conclusively decided in *Foley I* and remanded the case to the post-conviction court for an evidentiary hearing on the merits. *Matthew B. Foley v. State*, No. M2016-02456-CCA-R3-PC, 2017 WL 5054571, at *3 (Tenn. Crim. App. Nov. 1, 2017) *no perm. app. filed* ("*Foley II*"). On remand for the second time, the post-conviction court denied the petition, finding that Petitioner failed to diligently pursue his rights and, therefore, that the statute of limitations should not be tolled. The post-conviction court also found that Petitioner failed to show the State violated a material element of his plea agreement and failed to show the State violated his due process rights. For the following reasons, we reverse the judgment of the post-conviction court, grant post-conviction relief and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. ROBERT L. HOLLOWAY, JR., J. filed a concurring opinion.

Wesley B. Clark, Nashville, Tennessee, for the appellant, Matthew Benjamin Foley.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and Hugh T. Ammerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

Eighteen years ago, after being charged with conspiracy to commit rape and aggravated kidnapping for his role in the abduction of a minor, the sixteen-year-old Petitioner entered a negotiated plea of guilty to the amended charge of facilitation of especially aggravated kidnapping. *See Foley I*, 2016 WL 245857, at *1. At the time, the offense to which Petitioner pled guilty was not listed as an offense that required registration under the Sexual Offender Registration and Monitoring Act. *See* T.C.A. § 40-39-102 (repealed 2004). At the plea hearing, the State noted on the record that it was a "major benefit" to Petitioner to plead guilty to facilitation of especially aggravated kidnapping because he would not be required to register as a sex offender. Upon questioning by the trial court, Petitioner responded that he was in agreement with the State. The trial court accepted Petitioner's plea agreement, and Petitioner received an eight-year sentence as a Range I offender to be served on probation with credit for time served. Petitioner was subsequently ordered to serve his sentence in incarceration after twice violating his probation.

In 2004, the Sexual Offender Registration and Monitoring Act was repealed and replaced with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("the Act"). *See* 2004 Tenn. Pub. Acts ch. 921, § 1. Facilitation of especially aggravated kidnapping in which the victim was a minor was not originally listed as an offense that required registration. Facilitation of especially aggravated kidnapping was added as an offense that required registration in 2005. *See* 2005 Tenn. Pub. Acts ch. 316, § 1; *see also* T.C.A. § 40-39-202.

In the fall of 2011, approximately six months before Petitioner was to be released from the South Central Correctional Facility, he was informed that he was required to

register as a sex offender. Petitioner refused to sign the registration form. As a result, he was arrested upon his release and taken to Wayne County Jail, where he was charged with a violation of the Act. The case was returned as nolle prosequi by the State on April 3, 2012. On September 10, 2012, Petitioner was again arrested for a violation of the Act because he was at a park with his children. This charge was eventually retired on August 19, 2013. In August 2014, Petitioner was indicted in Rutherford County for a violation of residential restrictions of the Act and perjury. On October 13, 2014, Petitioner entered "no contest" pleas on the two counts.

On January 7, 2015, Petitioner filed an untimely petition for post-conviction relief, alleging that the statute of limitations should be tolled because he did not learn until well after its expiration that the State was seeking to enforce the provisions of the Act against him, contrary to the terms of his plea agreement. Petitioner alleged that the State breached a material term of his plea agreement and that the application of the sex offender registry to him violated his right to due process. On January 26, 2015, the post-conviction court summarily denied the petition because the "Petitioner's due process rights have not been violated because the retroactive placing of the Petitioner on the sexual offender registry does not violate Tenn[essee] Const[itution] art[icle] I [section] 11 or the United States Constitution, and the statute of limitations for post-conviction relief has not been tolled." Petitioner appealed.

A panel of this Court held that Petitioner's claim for relief did not arise until "the State sought to apply the [A]ct's provisions to the Petitioner . . . possibly breach[ing] a 'material term' of the plea agreement [and] triggering the Petitioner's responsibility to pursue his rights diligently." *Foley I*, 2016 WL 245857, at *7. Based on the allegations in the petition, this Court concluded that Petitioner had been diligently pursuing his rights by seeking dismissal of the first violation in April 2012 and by filing his post-conviction petition within seven months of his 2014 indictments.[1] *Id*. at *8. This Court stated the following:

> We find this to be one of those rare unconscionable cases that cries out for due process tolling. However, we note that our determination that the Petitioner is entitled to a hearing is not to be read as indicative of the merit of the Petitioner's claims, which will be analyzed by the post-conviction court. We also guide the lower court to make the appropriate findings in ruling on the petition. Accordingly this case is reversed, and the Petitioner must receive an evidentiary hearing in which to present proof as to his post-conviction grounds for relief.

*Id.* (internal citations omitted).

---

[1] The petition did not mention the violation charge that was retired in August 2013.

On remand, the post-conviction court held an evidentiary hearing on August 19, 2016. Petitioner testified that he was specifically promised as part of his 2002 plea agreement that he would not have to register as a sex offender. Petitioner testified that he would not have agreed to plead guilty if he had been required to register as a sex offender. Petitioner testified that he was first contacted regarding the sex offender registry about six months before his release from prison in the fall of 2011, nine years after his guilty plea. Petitioner introduced historical versions of Tennessee Code Annotated section 40-39-202 dated from 2011 and 2012 as exhibits. Petitioner argued that the 2011 version did not correctly reference the proper subsection and did not properly notify him that he was required to register; therefore, he should not have been required to register at that time.[2]

Petitioner testified that on May 25, 2012, he met with Detective Jennifer West of the Murfreesboro Police Department and was told that he had to register as a sex offender. Petitioner stated that after several hours of talking with Detective West, he signed the sex offender registration form. He spoke to several attorneys and ultimately hired one after being arrested in September 2012. He testified that he said to the attorney, "I don't care if I go back to prison, I have to get off [the registry]." Petitioner stated that after he was indicted in August 2014, he did not hire another attorney because he was still being represented by the attorney he had hired after his 2012 arrest. He testified, "it was one long process that he was supposed to be getting me off the registry. So, every time I got arrested, he was still representing me, trying to get me off the registry in whatever way he was going to do it." Eventually, Petitioner terminated this attorney and hired present counsel. Petitioner testified that he "hasn't understood anything that has been going on since 2012." He testified that he believed when he walked out of court in Wayne County, after his first violation charge was nollied in April 2012, he was "100 percent a free man" and that he knew he was not supposed to be on the sex offender registry.

---

[2] In the published 2011 supplement, Tennessee Code Annotated section 40-39-202(30) defined "violent sexual offense" to include "[f]acilitating the commission, under § 39-11-403, to commit any of the offenses enumerated in this subdivision (28)"; however, subdivision (28), the definition of "violent juvenile sexual offense," did not include especially aggravated kidnapping of a minor, the offense for which Petitioner had been convicted. This appears to be merely an error in publication. When amending the Act in 2011, the Tennessee General Assembly added subdivisions (28) and (29), related to violent juvenile sexual offenders, and directed that the existing subdivisions be renumbered accordingly, including the definition of "violent sexual offense," which had been in subdivision (28) prior to the amendment and after the amendment appeared in subsection (30). *See* 2011 Tenn. Pub. Acts ch. 483, § 9. It is clear the legislature intended to include facilitation of "any of the offenses in *this* subdivision" in its definition of "violent sexual offense." T.C.A. § 40-39-202(30) (emphasis added). Thus, Petitioner's conviction for facilitation of especially aggravated kidnapping of a minor was an offense for which registration was required in 2011.

Trial counsel testified that he was hired by Petitioner with respect to the second registry violation charge in September 2012. In addition to representing Petitioner in his criminal case, trial counsel testified Petitioner hired him to assist in getting Petitioner removed from the sex offender registry. Trial counsel stated that he did research on how to get Petitioner removed from the registry, but that is all he could remember doing. Trial counsel identified several receipts showing payments from Petitioner. One receipt dated March 21, 2014, states the payment was "for trial [and] to be taken off registry."

Detective West testified that she met with Petitioner on July 2, 2012, and that he provided her with his personal information. She gave Petitioner the sex offender registry instructions and obtained a receipt from Petitioner for the instructions. Detective West reminded Petitioner to get the sex offender registry code put on his driver's license. She told Petitioner that they would meet quarterly in March, June, September, and December. Detective West testified that Petitioner was not happy about being on the sex offender registry and that he protested at every opportunity. Petitioner wrote on a registration form: "[I d]on[']t understand why I'm here! I[']m not a sex-offender." She confirmed that Petitioner was arrested on September 10, 2012, because he was at a park with his children. Detective West stated that she reminded Petitioner on several occasions to go through juvenile court to get the necessary documentation so he could be with his children. After being released, Petitioner met with Detective West on September 12, 2012, to satisfy the 48-hour check-in rule required by the Act. Detective West noted that there were several ongoing issues regarding Petitioner living with his nephew, a minor, and Petitioner was given some time to find other living arrangements. Detective West stated that she had to remind Petitioner to stay current on his registration payments to the sex offender registry. She testified that Tennessee Bureau of Investigation ("TBI") policy did not allow violent sexual offenders like Petitioner to be removed from the registry but that there was the option of appealing the decision of the TBI. Detective West testified that Petitioner's offense did not require him to be on community supervision for life. The Petitioner argued that the State was in violation of the ex post facto clause insofar as Petitioner is subjected to the requirements of Tennessee Code Annotated section 40-39-11(a) and (c).

The post-conviction court found that Petitioner did not pursue his rights diligently even though he had ample notice and opportunity to do so. The post-conviction court also found that there was civil action that Petitioner could take to seek removal from the sex offender registry. Ultimately, the post-conviction court found that Petitioner failed to show due process concerns that would toll the statute of limitations and, accordingly, that the petition was time-barred. Petitioner filed a timely appeal.

In the second appeal, this Court found that the post-conviction court "focused solely on whether the statute of limitations should be tolled in the Petitioner's case on due process grounds" even though *Foley I* had "explicitly concluded that due process

concerns should toll the statute of limitations in the Petitioner's case and remanded the case for an evidentiary hearing on the merits of the Petitioner's petition." *Foley II*, 2017 WL 5054571, at \*2. As a result of the post-conviction court's failure to address the merits of Petitioner's claims, this Court reversed and remanded the case to the post-conviction court for the second time with instructions for the post-conviction court to hold an evidentiary hearing on the merits of the post-conviction petition. The post-conviction court was specifically directed to "make findings of fact and conclusions of law relating to the claims for relief in the petition." *Id.*

On remand, the post-conviction court held a bench conference in May 2018, and it was decided after discussion between counsel for both parties that no further evidentiary hearing was necessary, as all the evidence was presented at the evidentiary hearing held after the first remand. The post-conviction court found that "the State sought to apply the Act's provisions when [Petitioner] was charged with a violation of the [r]egistry requirements in 2011, approximately four years prior to Petitioner filing the instant [p]etition for [p]ost-[c]onviction relief." The post-conviction court found that Petitioner had been on notice multiple times from 2011 through 2013 and each time took no steps to pursue his rights. "It was not until over three years from his first arrest and . . . sixteen months after his second arrest, before Petitioner filed the instant [p]etition. During the years 2012, 2013, and 2014, Petitioner sporadically complied with the requirements of the Act." The post-conviction court found that Petitioner failed to diligently pursue his rights, thereby barring due process tolling of the statute of limitations.

As ordered by this Court, the post-conviction court also considered the merits of Petitioner's claim and found that Petitioner failed to show that the State violated a material term of his plea agreement by enacting legislation after Petitioner's plea adding his conviction offense to those which require registration under the Act. It found that "the Act is applicable to all sexual offenders described in the Act regardless of when their conviction was entered." The post-conviction court found that Petitioner failed to show that the State violated his due process rights under the United States and Tennessee Constitutions. The post-conviction court found that the sex offender registry was not punitive and does not violate the ex post facto clause. It found that the failure of the State to advise Petitioner of the requirement to register, or that registration pursuant to the Act was not a requirement at the time of Petitioner's plea, did not render the plea invalid.

It is from that judgement that Petitioner now appeals.

*Analysis*

On appeal, Petitioner again argues that due process requires tolling of the statute of limitations, that the State's breach of an "explicit material term" of Petitioner's plea agreement violates his constitutional right to due process, and that the application of the

Act to Petitioner violates due process and the constitutional prohibition against ex post facto punishment. The State argues that the post-conviction court correctly found the petition time-barred, that the State did not breach Petitioner's plea agreement, and that Petitioner failed to show that the Act, as applied to him, violates the ex post facto clause.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

### I. Statute of Limitations

A post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final[.]" T.C.A. § 40-30-102(a). There is no dispute that the petition filed herein is untimely. However, a post-conviction court may consider a petition after the expiration of the limitations period when the claim in the petition involves the retroactive application a new constitutional right, new scientific evidence of actual innocence, or relief from a sentence that was enhanced by a previous conviction that has since been held invalid. T.C.A. § 40-30-102(b). Additionally, Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Buford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). In analyzing a later-arising claim, courts should courts should utilize the following three-step process:

(1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim."

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). Our supreme court has held that "a petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

This Court has twice determined that the statute of limitations for the filing of the petition for post-conviction relief should be tolled in this case. *See Foley I*, 2016 WL 245857, at *8; *Foley II*, 2017 WL 5054571, at *2. The law of the case doctrine prevents the reconsideration of claims that have been decided in a prior appeal of the same case. *See State v. Jefferson*, 31 S.W.3d 558, 560 (Tenn. 2000).

> In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.
>
> . . . .
>
> Therefore, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand. There are limited circumstances which may justify reconsideration of an issue which was [an] issue decided in a prior appeal: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

*Id*. at 560-61 (quoting *Memphis Publg. Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)).

No further hearing was held after the second remand; therefore, the evidence was not substantially different from that presented in the initial proceeding. The prior rulings by two panels of this Court were not clearly erroneous, and there was no change in the controlling law. We determine that none of the exceptions to the law of the case doctrine applies to the case herein. Based on the law of the case, we reverse the finding of the post-conviction court with respect to the determination that the statute of limitations was not tolled.

## II. Breach of Plea Agreement

Petitioner argues that the State has breached its plea agreement with Petitioner. The State argues that the statement regarding a "major benefit" was just a recitation of current law and did not amount to an agreement; therefore, no breach of the agreement occurred. We agree with Petitioner.

The State's breach of a plea agreement may be a ground for post-conviction relief. *See Harris v. State*, 875 S.W.2d 662 (Tenn. 1994). In addressing breach of plea agreements, courts of this state have applied the principles of contract law to construe the agreement and determine the appropriate remedy. *State v. Mellon*, 118 S.W.3d 340, 346 (Tenn. 2003).

> "'Plea agreements . . . are unique contracts in which special due process concerns for fairness and the adequacy of procedural safeguards obtain.'" *United States v. Ready*, 82 F.3d [551,] 558 [(2nd Cir. 1996)] (quoting *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992)); *see also United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986) (the defendant's underlying "contract" right is constitutionally based and therefore reflects concerns that differ fundamentally from and run wider than those of commercial contract law).

*Id*. "The U.S. Supreme Court held that 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *Eric Boyd v. State*, No. E2001-02069-CCA-R3-PC, 2002 WL 31289175, at *2 (Tenn. Crim. App. Oct. 10, 2002) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)), *perm. app. denied* (Tenn. Feb. 18, 2013). "A breach of that agreement, even where due to unforeseen or changed circumstances, does not lessen the impact of the breach, and a guilty plea based on 'a false premise . . . cannot stand.'" *Id*. "[A] defendant may not, consonant with due process guarantees, be held to his negotiated plea of guilty when the promises upon

which it was based remain unperformed by the prosecution." *Mellon*, 118 S.W.3d at 346 (citations omitted). "[T]he promise of a state official in his public capacity is a pledge of the public faith and is not to be lightly disregarded. The public justifiably expects the State, above all others, to keep its bond." *State v. Howington*, 907 S.W.2d 403, 408 (citations omitted).

In this case, at the plea hearing, the State specifically stated, on the record, that it was a "major benefit" to Petitioner to plead guilty to facilitation of especially aggravated kidnapping because he would not be required to register as a sex offender. During the plea hearing, Petitioner responded in the affirmative when asked if this was his agreement with the State, and the trial court accepted the plea agreement. Petitioner testified at the evidentiary hearing that he would not have entered the plea if he knew he would be required to register as a sex offender. The State does not seem to contest Petitioner's argument that the State breached Petitioner's plea agreement during the post-conviction court evidentiary hearing.

In our view, the evidence in the record before this Court preponderates against the post-conviction court's findings that the State did not breach a material term of the Petitioner's plea agreement. Instead, the evidence presented to the post-conviction court supports the conclusion that Petitioner and the State agreed that Petitioner would not be on the sex offender registry and that Petitioner relied on this condition in coming to terms with the State. It need not be punitive to be a breach but must have "been a condition upon which Appellant's assent to the agreement was based." *Eric Boyd*, 2002 WL 31289175, at *3. An agreement can be based on the State's promise as a condition upon which Petitioner's assent to the agreement is based. *Id.* It is clear that the State has breached its agreement with Petitioner and has violated Petitioner's right to due process by enforcing the Act against Petitioner where the agreement provided that Petitioner would not be subject to the Act. Accordingly, we reverse the decision of the post-conviction court and grant post-conviction relief.

In the event of a breach, the available remedies are generally specific performance or restoration of the parties to the status existing before the plea was entered. *Mellon*, 118 S.W.3d at 346. *See also State v. Turner*, 713 S.W.2d 327, 329 (Tenn. Crim. App. 1986) ("the aggrieved defendant may either seek specific performance of the agreement or ask the court to restore both parties to the status they occupied immediately before the plea was entered."). These principles apply only after the bargained guilty plea has been accepted by the trial court. *Harris v. State*, 875 S.W.2d 663, 666 (Tenn. 1994). When specific performance is either not appropriate or not possible, the only available remedy is to restore the parties to their original positions by vacating the guilty plea and instating the original charges. *See Eric Boyd*, 2002 WL 31289175, at *4. Because the placement of offenders on the registry is automatic, this Court does not have the authority to remove a party from the sex offender registry; therefore, specific performance is not a remedy

available to Petitioner.  *See* T.C.A. § 40-39-207(a); *see also State v. Lindsey Seymour*, No. M2018-01008-CCA-R3-CD, 2019 WL 1770672, at *1 (Tenn. Crim. App. Apr. 22, 2019), *no perm. app. filed*.  Therefore, we vacate Petitioner's guilty plea, reinstate the charges against him, and remand the case for further proceedings.

## III.  *Ex Post Facto Violation*

Petitioner argues that the Act, as applied to him, imposes ex post facto punishment.  The State argues that Petitioner has not shown that the Act, as applied to him, is punitive and, therefore, is not entitled to relief.

Ex post facto laws are forbidden under both the United States and Tennessee Constitutions.  *See* U.S. Const. art. 1, §10, cl. 1; Tenn Const. art. I, § 11.  The Ex Post Facto Clause of the Tennessee Constitution has the same definition and scope as the federal clause.  *State v. Pruitt*, 510 S.W.3d 398, 416 (Tenn. 2016).  Generally, the ex post facto prohibition is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts."  *Kaylor v. Bradley*, 912 S.W.2d 728, 732 (Tenn. Ct. App. 1995) (quoting *California Dep't of Corrs. v. Morales*, 514 U.S. 499, 504 (1995)).  Our supreme court has established five broad categories of laws that violate the Ex Post Facto Clause of the Tennessee Constitution, including a "law which aggravates a crime or makes it greater than when it was committed."  *Miller v. State*, 584 S.W.2d 758, 761 (Tenn. 1979) (internal citations omitted), *overruled on other grounds by Pruitt*, 510 S.W.3d at 416.

The petition for post-conviction relief did not include an argument that retroactive application of the Act to Petitioner violated the prohibition against ex post facto punishment.  Petitioner first raised the issue for the first time at the evidentiary hearing after *Foley I*.  Post-conviction counsel stated that based on language in *Foley I*, there was an "entirely and separately independent argument from the breach [of the] plea agreement" of a violation of the ex post facto clause insofar as Petitioner is subjected to the requirements of Tennessee Code Annotated section 40-39-11(a) and (c).  *See Foley I*, 2016 WL 245857, at *6.  However, no motion to amend the petition was made, and no amended petition appears in the record before this Court.  Tennessee Code Annotated section 40-30-104(d) provides that "[t]he petitioner shall include all claims known to the petitioner for granting post-conviction relief and shall verify under oath that all the claims are included."  Any appellate consideration of issues not raised in the petition is deemed waived.  *Lonnie Lee Angel, Jr. v. State*, No. E2018-01551-CCA-R3-PC, 2019 WL 6954186 at *7 (Tenn. Crim. App. Dec. 18, 2019), *no perm. app. filed*.  Therefore, this issue has been waived, and Petitioner is not entitled to relief on this basis.

## *Conclusion*

For the aforementioned reasons, the judgment of the post-conviction court is reversed. Post-conviction relief is granted to Petitioner. We vacate the plea agreement and remand to the post-conviction court for further proceedings consistent with this opinion.


_____
TIMOTHY L. EASTER, JUDGE